IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Odom, #251692, | ) C.A. #3:05-2725-PMD |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| Town of Mt. Pleasant Police Department; Town of Mt. Pleasant Municipal Court; Charleston County Detention Center; MacDougal Correctional Institution Mailroom; Charleston County Treasury; and Town of mt. Pleasant Treasury, | ) |
| Defendants. | ) |

This matter is before the court upon the magistrate judge's recommendation that this action be dismissed. Because plaintiff is proceeding pro se, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. §

---

[1] Pursuant to the provisions of Title 28 United States Code, § 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to this Court.

636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).[2] No objections have been filed to the magistrate judge's report. Moreover, the report and recommendation sent to plaintiff was returned with "Refused to Sign" marked on the envelope.[3]

A review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law, therefore, the magistrate judge's report and recommendation is hereby adopted as the order of this Court. For the reasons articulated by the magistrate judge, the Complaint in this case is **dismissed without prejudice and without issuance and service of process**.

**FURTHER ORDERED**, for the reasons articulated in the magistrate judge's report and recommendation that this action is **DISMISSED as frivolous** under 28 U.S.C. § 1915(e)(B)(I).[4]

---

[2]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

[3]Further, the court issued an order on December 16, 2005, instructing plaintiff to keep the Clerk of Court advised in writing of any change of address. However, this order was also returned with "Refused to Sign" marked on the envelope.

[4]Accordingly, this constitutes a "strike" for purposes of the "three strikes" rule of 28 U. S. C. § 1915(g)..

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

Charleston, South Carolina

January 25, 2006

## NOTICE OF APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.